1  **STUTZ ARTIANO SHINOFF & HOLTZ, A.P.C.**
   James F. Holtz, Esq.
2  Nevada Bar No. 8119
   Scott J. Ingold, Esq.
3  Nevada Bar No. 11818
   1120 Town Center Drive, Suite 220
4  Las Vegas, Nevada  89144
   Telephone:   (702) 304-1803
5  Facsimile:    (702) 304-1822
   jholtz@stutzartiano.com
6
   Attorneys for Defendant JUDY HODGKINS
7

8

9

10             **UNITED STATES DISTRICT COURT**

11             **FOR THE DISTRICT OF NEVADA**

12  CHERYL MARTIN,                    Case No. 2:11-CV-1113 ECR-CWH

13          Plaintiff,               **STIPULATED PROTECTIVE ORDER**

14  v.

15  JUDY HODGKINS, individually,

16          Defendant.

17

18  Plaintiff CHERYL MARTIN and Defendant JUDY HODGKINS agree through their

19  respective attorneys of record as follows:

20          1.     The parties respectfully request that this Court enter a protective order to

21  govern dissemination of any and all protected health information of Defendant Judy

22  Hodgkins.

23          2.     This Order shall apply to all records, if any, produced by Judy Hodgkins's

24  doctors, treaters, hospitals, or other health care providers in response to subpoenas issued

25  to them in this matter.  All documents produced by Hodgkins's health care providers is

26  hereby designated as "Confidential Health Information."

27          3.     No additional designation need be made by any party for Hodgkins's

28  Confidential Health Information to be deemed subject to this protective order.

                              1

G:\DATA\4578\2\PL\S0079398.WPD

STIPULATED PROTECTIVE ORDER

1        4.     Hodgkins's Confidential Health Information shall not be used or disclosed

2  by the parties or their counsel or any person acting on their behalf to any other persons

3  except as provided for hereinafter, or for any other purposes whatsoever other than the

4  preparation and trial of this action and any appeal herein.

5        5.     The counsel for parties hereto and the parties themselves shall not disclose

6  or permit the disclosure of any of Hodgkins's Confidential Health Information to any other

7  person or entity, except in the following circumstances:

8               (a)     Disclosure may be made to employees of counsel who have direct

9                         functional responsibility for assisting in the preparation and trial of

10                       this action or any appeal herein.  Any employee to whom disclosure

11                       is made shall be advised of, shall become subject to, and shall agree

12                       in advance of disclosure to, the provisions of this Stipulation and

13                       Protective Order requiring that the material and information be held

14                       in confidence.

15               (b)     Disclosure may be made to consultants or experts (hereinafter

16                       "expert") employed by their counsel to assist in the preparation and

17                       trial of this litigation.  Prior to disclosure to any expert, the expert

18                       must agree to be bound by the terms of this Stipulation and Protective

19                       Order by executing the Confidentiality Agreement annexed hereto as

20                       Exhibit "A."  A copy of each executed Confidentiality Agreement

21                       shall be furnished to the expert if and when the expert is identified as

22                       a testifying expert.   A copy of each executed Confidentiality

23                       Agreement not otherwise previously provided shall be furnished to

24                       counsel prior to trial of this action.  *Retroactive per 2/8/12 hearing*

25               (c)     Disclosure may be made to the parties by counsel to the extent

26                       required for assisting in the preparation and trial of this action or any

27                       appeal herein. To the extent such disclosure is made, the parties shall

28                       be advised of, shall become subject to, and shall agree in advance of

STIPULATED PROTECTIVE ORDER

1      disclosure to, the provisions of this Stipulation and Protective Order
2      requiring that the material and injunction be held as confidence and
3      shall execute the Confidentiality Agreement annexed hereto as
4      Exhibit "A".

5      6.     Counsel shall keep all Hodgkins's Confidential Health Information which
6      is received or covered under this Stipulation and Protective Order within its exclusive
7      possession and control, except as provided hereinafter in paragraph 7, and shall
8      immediately place such material and information in a secure location.

9      7.     Any person having access to Hodgkins's Confidential Health Information
10     shall similarly treat any extracts, summaries, or descriptions of the material or information
11     or any portion or copies thereof as confidential.  Further, no person having access to
12     Hodgkins's Confidential Health Information shall make any copy, extract, summary, or
13     description of the material or information or any portion thereof, except for copies,
14     extracts, summaries or descriptions maintained in counsel's offices and/or furnished
15     counsel to consultants or experts or consultants in preparation for deposition at trial.

16     8.     Material or information claimed to be Hodgkins' Confidential Health
17     Information that is subject to a dispute as to whether it is in fact confidential material or
18     information shall, until further order of the Court, be treated as confidential in accordance
19     with the provisions of this Stipulation and Protective Order.   Any objection to the
20     classification of a document as "confidential" may be brought by noticed motion or ex
21     parte, with notice pursuant to Local Rules and/or the Rules of Civil Procedure. If only part
22     of document is claimed to be confidential, counsel shall redact said part and produce the
23     document in redacted form.   Counsel shall meet and confer on any disputed claim of
24     confidentiality before presenting the matter to court for resolution.

25     9.     If, during trial or in connection with any motion or other proceeding, any
26     party intends to offer into evidence any documents, exhibits, or other materials that reveal
27     or may tend to reveal Hodgkins' Confidential Health Information, either counsel shall so
28     inform the opposing counsel not less than five (5) business days before the material is so

3

STIPULATED PROTECTIVE ORDER

1  offered in such trial, motion or other proceeding to allow the party and his counsel to

2  consider whether the evidence is of such a nature that it should be protected from entry into

3  the public record.  Upon the request of either counsel, the evidence shall be submitted *in*

4  *camera.*  The evidence shall be sealed unless the Court determines that the evidence may

5  be used by the offering party in a non-sealed manner.  Any proceedings involving

6  disclosure of the evidence shall be held *in camera* and not placed in the public record.

7       10.    Upon final termination of this action, whether by judgment, settlement or

8  otherwise, each counsel shall return all materials in their possession or subject to their

9  control (including but not limited to materials furnished to consultants and/or experts) that

10  constitutes or was part of Hodgkins's Confidential Health Information to Hodgkins's

11  undersigned counsel of record, at 1120 Town Center Drive, Suite 220, Las Vegas, Nevada

12  89144. All copies of Hodgkins's Confidential Health Information are to be either returned

13  to Hodgkins's attorneys or destroyed.

14  DATED: February 8, 2012           STUTZ ARTIANO SHINOFF & HOLTZ
                                      A Professional Corporation

16

17                                    By: *Scott Ingold*
                                      James F. Holtz
18                                    Scott J. Ingold
                                      Attorneys for Defendant JUDY HODGKINS

19

20  DATED: February 8, 2012           ROGERS, MASTRANGELO, CARVALHO &
                                      MITCHELL

21

22                                    By:_____
                                      DANIEL E. CARVALHO, ESQ.
23                                    Attorney for Plaintiff CHERYL MARTIN

24                                    **ORDER**

25       IT IS SO ORDERED:

26

27  DATED: February 10, 2012          _____
28                                    UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

**CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that he/she read the **Confidentiality**
**Stipulation and Protective Order** executed by the attorneys of record for the parties in
the action presently pending in the United States District Court for the District of Nevada
entitled **Cheryl Martin v. Judy Hodgkins**, Case No. 3 2:11-CV-1113 ECR-CWH,
understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound
by such terms.

DATED: _____     _____

_____
Print Name and Title

G:\DATA\4578\2\PL\S0079398.WPD

STIPULATED PROTECTIVE ORDER

**STUTZ ARTIANO SHINOFF & HOLTZ, A.P.C.**
James F. Holtz, Esq.
Nevada Bar No. 8119
Scott J. Ingold, Esq.
Nevada Bar No. 11818
1120 Town Center Drive, Suite 220
Las Vegas, Nevada  89144
Telephone:    (702) 304-1803
Facsimile:    (702) 304-1822
jholtz@stutzartiano.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
CASE NO.:  2:11-CV-1113 ECR-CWH

## CERTIFICATE OF ELECTRONIC SERVICE

Pursuant to LR 5-4, I hereby certify that on the February 9, 2012, I served a true and correct copy of the above and foregoing **STIPULATED PROTECTIVE ORDER** via CM/ECF described above on designated recipients through electronic transmission of said documents, a certified receipt is issued to filing party acknowledging receipt by CM/ECF's system.  Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party.

On:

**Attorneys for Plaintiff**
Daniel E. Carvalho, Esq.
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
300 S. Fourth Street, Suite 710
Las Vegas, NV  89101
lfitzgerald@rmcmlaw.com
Tel: (702) 383-3400

Jennifer L. Wolber
An Employee of STUTZ ARTIANO SHINOFF & HOLTZ

G:\DATA\4578\2\PL\S0081297.WPD

1

PROOF OF SERVICE RE STIPULATED PROTECTIVE ORDER