1  STUTZ ARTIANO SHINOFF & HOLTZ, A.P.C.
   James F. Holtz, Esq.
2  Nevada Bar No. 8119
   Scott J. Ingold, Esq.
3  Nevada Bar No. 11818
   1120 Town Center Drive, Suite 220
4  Las Vegas, Nevada  89144
   Telephone:   (702) 304-1803
5  Facsimile:    (702) 304-1822
   jholtz@stutzartiano.com
6
   Attorneys for Defendant JUDY HODGKINS
7

8

9

10                    UNITED STATES DISTRICT COURT

11                        FOR THE DISTRICT OF NEVADA

12  CHERYL MARTIN,                    |  Case No. 2:11-CV-1113 ECR-CWH

13             Plaintiff,              |  **STIPULATED PROTECTIVE ORDER**

14  v.

15  JUDY HODGKINS, individually,

16             Defendant.

17

18  Plaintiff CHERYL MARTIN and Defendant JUDY HODGKINS agree through their

19  respective attorneys of record as follows:

20      1.   The parties respectfully request that this Court enter a protective order to

21  govern dissemination of any and all protected health information of Defendant Judy

22  Hodgkins.

23      2.   This Order shall apply to all records, if any, produced by Judy Hodgkins's

24  doctors, treaters, hospitals, or other health care providers in response to subpoenas issued

25  to them in this matter. All documents produced by Hodgkins's health care providers is

26  hereby designated as "Confidential Health Information."

27      3.   No additional designation need be made by any party for Hodgkins's

28  Confidential Health Information to be deemed subject to this protective order.

1  4. Hodgkins's Confidential Health Information shall not be used or disclosed by the parties or their counsel or any person acting on their behalf to any other persons except as provided for hereinafter, or for any other purposes whatsoever other than the preparation and trial of this action and any appeal herein.

5. The counsel for parties hereto and the parties themselves shall not disclose or permit the disclosure of any of Hodgkins's Confidential Health Information to any other person or entity, except in the following circumstances:

(a) Disclosure may be made to employees of counsel who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein. Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulation and Protective Order requiring that the material and information be held in confidence.

(b) Disclosure may be made to consultants or experts (hereinafter "expert") employed by their counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any expert, the expert must agree to be bound by the terms of this Stipulation and Protective Order by executing the Confidentiality Agreement annexed hereto as Exhibit "A." A copy of each executed Confidentiality Agreement shall be furnished to the expert if and when the expert is identified as a testifying expert. A copy of each executed Confidentiality Agreement not otherwise previously provided shall be furnished to counsel prior to trial of this action. *Retroactive per 2/8/12 hearing*

(c) Disclosure may be made to the parties by counsel to the extent required for assisting in the preparation and trial of this action or any appeal herein. To the extent such disclosure is made, the parties shall be advised of, shall become subject to, and shall agree in advance of

2

disclosure to, the provisions of this Stipulation and Protective Order requiring that the material and injunction be held as confidence and shall execute the Confidentiality Agreement annexed hereto as Exhibit "A".

6. Counsel shall keep all Hodgkins's Confidential Health Information which is received or covered under this Stipulation and Protective Order within its exclusive possession and control, except as provided hereinafter in paragraph 7, and shall immediately place such material and information in a secure location.

7. Any person having access to Hodgkins's Confidential Health Information shall similarly treat any extracts, summaries, or descriptions of the material or information or any portion or copies thereof as confidential. Further, no person having access to Hodgkins's Confidential Health Information shall make any copy, extract, summary, or description of the material or information or any portion thereof, except for copies, extracts, summaries or descriptions maintained in counsel's offices and/or furnished counsel to consultants or experts or consultants in preparation for deposition at trial.

8. Material or information claimed to be Hodgkins' Confidential Health Information that is subject to a dispute as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Stipulation and Protective Order. Any objection to the classification of a document as "confidential" may be brought by noticed motion or ex parte, with notice pursuant to Local Rules and/or the Rules of Civil Procedure. If only part of document is claimed to be confidential, counsel shall redact said part and produce the document in redacted form. Counsel shall meet and confer on any disputed claim of confidentiality before presenting the matter to court for resolution.

9. If, during trial or in connection with any motion or other proceeding, any party intends to offer into evidence any documents, exhibits, or other materials that reveal or may tend to reveal Hodgkins' Confidential Health Information, either counsel shall so inform the opposing counsel not less than five (5) business days before the material is so

offered in such trial, motion or other proceeding to allow the party and his counsel to consider whether the evidence is of such a nature that it should be protected from entry into the public record. Upon the request of either counsel, the evidence shall be submitted *in camera.* The evidence shall be sealed unless the Court determines that the evidence may be used by the offering party in a non-sealed manner. Any proceedings involving disclosure of the evidence shall be held *in camera* and not placed in the public record.

10. Upon final termination of this action, whether by judgment, settlement or otherwise, each counsel shall return all materials in their possession or subject to their control (including but not limited to materials furnished to consultants and/or experts) that constitutes or was part of Hodgkins's Confidential Health Information to Hodgkins's undersigned counsel of record, at 1120 Town Center Drive, Suite 220, Las Vegas, Nevada 89144. All copies of Hodgkins's Confidential Health Information are to be either returned to Hodgkins's attorneys or destroyed.

DATED: February 8, 2012

STUTZ ARTIANO SHINOFF & HOLTZ
A Professional Corporation

By: *[signature]*
James F. Holtz
Scott J. Ingold
Attorneys for Defendant JUDY HODGKINS

DATED: February 8, 2012

ROGERS, MASTRANGELO, CARVALHO & MITCHELL

By: *[signature]*
DANIEL E. CARVALHO, ESQ.
Attorney for Plaintiff CHERYL MARTIN

**ORDER**

IT IS SO ORDERED:

DATED: February 10, 2012

*[signature]*
UNITED STATES MAGISTRATE JUDGE

4

# Exhibit A

# CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she read the **Confidentiality Stipulation and Protective Order** executed by the attorneys of record for the parties in the action presently pending in the United States District Court for the District of Nevada entitled **Cheryl Martin v. Judy Hodgkins**, Case No. 3 2:11-CV-1113 ECR-CWH, understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms.

DATED: _____    _____

                                                               Print Name and Title

G:\DATA\4578\2\PL\S0079398.WPD

STIPULATED PROTECTIVE ORDER

STUTZ ARTIANO SHINOFF & HOLTZ, A.P.C.
James F. Holtz, Esq.
Nevada Bar No. 8119
Scott J. Ingold, Esq.
Nevada Bar No. 11818
1120 Town Center Drive, Suite 220
Las Vegas, Nevada 89144
Telephone: (702) 304-1803
Facsimile: (702) 304-1822
jholtz@stutzartiano.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
CASE NO.: 2:11-CV-1113 ECR-CWH

**CERTIFICATE OF ELECTRONIC SERVICE**

Pursuant to LR 5-4, I hereby certify that on the February 9, 2012, I served a true and correct copy of the above and foregoing **STIPULATED PROTECTIVE ORDER** via CM/ECF described above on designated recipients through electronic transmission of said documents, a certified receipt is issued to filing party acknowledging receipt by CM/ECF's system. Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party.

On:

**Attorneys for Plaintiff**
Daniel E. Carvalho, Esq.
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
300 S. Fourth Street, Suite 710
Las Vegas, NV 89101
lfitzgerald@rmcmlaw.com
Tel: (702) 383-3400

_____
Jennifer L. Wolber
An Employee of STUTZ ARTIANO SHINOFF & HOLTZ

1

PROOF OF SERVICE RE STIPULATED PROTECTIVE ORDER